Mr. Chief Justice Shaukey
delivered thé opinion of the court.
The writ in this case bears test of April term, 1830, of the circuit court of Amite county, and was made returnable to April term, 1831. To this the defendant below pleaded in abatement, to which there was a demurrer, and a cause assigned is, that the writ was issued within five days before the term nest succeeding that of which it was tested.
The demurrer was sustained, and a plea of not guilty put in, on which the parties went to trial, and the plaintiff below recovered a verdict and judgment, from which an appeal was taken, which for some cause was dismissed, and the cause is now here by writ of error.
The assignment of errors brings nothing in question but the decision of the court or the demurrer.
Our statute (Revised Code 106, section 20) requires that all original process to bring in a party to answer an action, shall be issued under the seal of court, and made returnable to the term next succeeding that of which it bears test; and if it be issued within five days before any term,it is to be made returnable to the term next succeeding that which is to be held within five days, but there is no provision for testing it differently. It could not be tested of a term after it issues, and should therefore bear test of the preceding term.' The defendant in his plea merely stated that the writ did not bear test of the term next preceding that to which it was more returnable, without alleging that the writ was not issued under that provision which points out the mode, if issued within five days of a term. The question is, was he bound to have done so, or was it the duty of the plaintiff to have shown it in his application? If this provision' were - inserted in the statute by way of exception or provision, then it would fall under the general rules that matter in an exception or proviso, separate *125 and distinct from the general provisions of a statute, must be pleaded by the party in whose favor it operates, as an exemption from the general rule, and need not be stated by the party pleading or declaring on the general statute, as not coming within the exception or proviso.
That part of the section referred to, providing for the return of process issued within five days before a term, is not inserted as a proviso exception, but a separate, substantive clause, so as to come within the rule; but is part of the general clause or enactment, constituting an essential part of the law, and immediately and necessarily connected with the preceding part of the section, and cannot be separated from it without leaving the proviso incomplete; and the defendant, therefore, should have averred in the plea that the writ was not issued within five days before a term of the court. The principle will be found in the opinion of Lord Tenterden in 6 B. and C. 430, cited in a late edition of first Chitty, and also in Gould’s Pleadings, 178. The writ was not necessarily bad, even if the plea was true, and the defendant, by the latter part of the statute, is only entitled to plead in abatement to the writ, in case it is not in conformity with the provisions of the statute; and he should, therefore, have averred in his plea, that it was not such a writ as is authorised by the statute. The plea is not sufficiently certain, since the writ, tested as stated, might be bad, when it might also be good. It is said that the cause of demurrer is matter of fact which cannot be tried by the court. It was unnecessary for the plaintiff to have set down any cause of démurrer, as the plea is bad on general demurrer.
The judgment- of the court below must be affirmed.